

FILED
MAR 29 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT NORTH CAROLINA
EASTERN DIVISION

NO. 7:18-CR-48-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | UNITED STATES' MEMORANDUM |
| v. ) | IN AID OF SENTENCING |
| ) | |
| CHRISTOPHER P. WILKINSON ) | |

For almost a decade, from 2002 through 2011, the defendant, Christopher Wilkinson, repeatedly paid bribes to a high-ranking public official, Anthony Gillespie, in exchange for Gillespie directing lucrative information technology contracts with the United States Marine Corps to the defendant's company, CPW Solutions. As a result of the contracts Gillespie steered to the defendant, the Marine Corps ultimately paid CPW Solutions over $9 million. The defendant's bribery corrupted the contracting process for services that directly supported the mission of this country's armed forces. A term of imprisonment of 60 months, as the parties have stipulated, appropriately addresses the severity of the defendant's crime.

I. **Offense Conduct**

On April 11, 2018, the defendant waived indictment and pled guilty to one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371. Pursuant to a plea agreement with the Government, the defendant made several factual admissions regarding his conduct.

From 2002 through 2011, the defendant operated an information technology ("IT") consulting company, CPW Solutions ("CPW"). For the entire period, the defendant's business model consisted of obtaining and maintaining contracts, as both a prime and subcontractor, with the United States Marine Corps at Camp Lejeune in Jacksonville, North Carolina, by paying bribes to Anthony Gillespie. Until 2015, Gillespie worked as a high-ranking civilian employee

of the Marine Corps based at Camp Lejeune with authority over the awarding of IT-related contracts to support the Marine Corps' operations at Camp Lejeune and elsewhere.

The defendant's bribery began with cash payments to Gillespie. Between 2002 and 2010, the defendant made at least 39 separate cash payments to Gillespie ranging in size from $2,000 to $10,000 in exchange for the contracts Gillespie directed to the defendant. To conceal the payments, the defendant wrote checks to himself from CPW's bank account, cashed the checks, and then provided the cash to Gillespie. In total, the defendant paid Gillespie more than $100,000 in cash bribes.

Over time, however, as Gillespie directed more contracts to CPW, the defendant's bribes expanded to expensive technology equipment and jobs for Gillespie's friends and associates, among other things. In 2006, after Gillespie directed a contract to CPW, Gillespie instructed the defendant to buy Gillespie a laptop. The defendant complied. A year later, while the defendant still held a contract with the Marine Corps, the defendant instructed him to purchase "spy sweeper" surveillance detection equipment for Gillespie. Again, the defendant complied. In 2008, as Gillespie directed a contract to a different company that intended to hire CPW as a subcontractor, Gillespie directed the defendant to purchase five laptop computers that, according to Gillespie, he would provide to the spouses of Marine Corps generals as Christmas gifts. The defendant purchased the laptops for Gillespie at a cost of $11,901.98.

Moreover, over the course of the conspiracy, the defendant hired several friends and associates of Gillespie's as employees of CPW, and did so at Gillespie's direction. The defendant paid these individuals salaries totaling $5,694,985.17.

Despite consistently providing Gillespie with things of value that, in total, were worth more than $5.8 million, the defendant's company earned even more from the contracts Gillespie directed to CPW in exchange for these things of value between 2002 and 2011. The defendant's corrupt agreement with Gillespie resulted in over $9.4 million in revenue for CPW. The defendant personally profited in an amount of at least $1,327,289.86, as demonstrated by the parties' agreement regarding forfeiture. *See* Plea Agreement, ECF No. 11 ¶ 9.

**II. The Parties Have Stipulated to a Guidelines Sentence of 60 Months Imprisonment.**

Pursuant to a plea agreement and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and to assist the Court in determining the appropriate sentence under the U.S. Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), the parties have agreed that a term of imprisonment of 60 months constitutes the appropriate sentence under the Guidelines. Plea Agreement ¶ 15. This is the same Guidelines sentence calculated by U.S. Probation.

The parties' stipulated sentence is based on an agreement that: (1) the defendant's base offense level is 12 pursuant to U.S.S.G. § 2C1.1(a)(2); (2) because the offense involved more than one bribe, the defendant's base offense level should be increased by two levels pursuant to U.S.S.G. § 2C1.1(b)(1); (3) because Gillespie was a high-level decision maker, the defendant's base offense level should be increased by an additional four levels pursuant to U.S.S.G. § 2C1.1(b)(3); and (4) because the value of the bribes the defendant paid to Gillespie exceeded $5.8 million, the defendant's base offense level should be increased by an additional eighteen levels, pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(J).[1] Accordingly, the parties stipulated to a total offense level of 36 prior to any reduction for acceptance of responsibility.

---

[1] Although the 2018 U.S. Sentencing Guidelines were issued after the parties entered into a plea agreement, the new Guidelines do not change the Guidelines calculation in this case.

Moreover, the defendant accepted responsibility for his crimes early and provided the Government with timely notice of his intention to plead guilty, permitting the Government to avoid preparing for trial and this Court to allocate its resources efficiently. The parties have also agreed, therefore, that a three-level reduction for acceptance of responsibility is appropriate pursuant to U.S.S.G. § 3E1.1.

Accordingly, with an agreed upon Criminal History Category I, the defendant's advisory guideline range is appropriately calculated as a Level 33, 135 months to 168 months. However, because the statutory maximum for violations of 18 U.S.C. § 371 is 60 months, the parties have stipulated that a term of incarceration of 60 months is the appropriate sentence under the Guidelines. *See* U.S.S.G. § 5G1.1(a). Further, the parties have agreed pursuant to the plea agreement that neither a downward or upward departure is warranted. *See* Plea Agreement ¶ 15(d).

III. **The Parties' Stipulated Guidelines Sentence of 60 Months Imprisonment is Sufficient, But Not Greater Than Necessary, To Comply With the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a).**

Under 18 U.S.C. § 3553(a), in determining a sentence, courts should consider, among other factors, 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct; and 3) the need to avoid unwarranted disparities in sentencing. Although the Court is not bound by the plea agreement in this case, the parties have agreed that a sentence of 60 months of incarceration is a reasonable sentence under 18 U.S.C. § 3553(a) and that a variance is not warranted.

Although the defendant has accepted responsibility and expressed remorse for his crimes, the length and magnitude of the defendant's bribery conspiracy cannot be ignored. For his own

-4-

Case 7:18-cr-00048-BO   Document 23   Filed 03/29/19   Page 4 of 7

private gain, the defendant spent years corrupting a process intended to obtain information technology services and equipment to support United States Marine Corps operations. Moreover, the defendant engaged in his corruption during a time that the Marine Corps was fighting two wars in Iraq and Afghanistan alongside the other branches of the country's armed forces. The integrity of military contracting goes to the heart of this country's security. Accordingly, the defendant's sentence must not only reflect the seriousness of the breach of public trust his bribes facilitated, but it must deter other government contractors from following in his footsteps.

Further, although this is the defendant's first significant encounter with the criminal justice system, for almost a decade he built a life for himself through corruption. His income increased significantly once he started obtaining contracts for CPW with his bribes. With the money he earned, he bought a house in a gated community near Gillespie. He was able to contribute significant amounts of money to financial investment accounts. He took several personal trips to Las Vegas for gambling and vacation. For almost ten years, the defendant sustained a high standard of living as a direct result of his crime.

Moreover, any downward variance from the guidelines sentence of 60 months would fail to account for the significant benefit the defendant already has received with respect to any potential sentence as a result of the Government's agreement not to pursue charges beyond the one conspiracy count to which the defendant pled guilty. The conspiracy count carries a statutory maximum sentence well below the guidelines range of 135 to 168 months that is compelled by the substantial monetary value of the bribes the defendant provided to Gillespie. Had the defendant been charged and convicted of bribery, in violation of 18 U.S.C. § 201, or

honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, for example, he would have faced the full guidelines range established by the Guidelines—more than 11 years.

The defendant must be held accountable for his part in a long-running bribery conspiracy to repeatedly trade the public trust placed in Gillespie's position with the Marine Corps for private gain. The Guidelines sentence of 60 months incarceration will foster that accountability by adequately reflecting the seriousness of the defendant's offense, promoting respect for the law, providing just punishment, and deterring others from similarly corrupting our military.

## IV. Conclusion

For the foregoing reasons, the Government respectfully submits that the defendant's conduct warrants a sentence of imprisonment of 60 months, a fine within the Guidelines range, and a forfeiture order as requested pursuant to the United States' Motion for Issuance of Order of Forfeiture.

Respectfully submitted this 29th day of March, 2019.

                    ANNALOU TIROL
                    Acting Chief
                    Public Integrity Section

BY: *[signature]* /for

                    AMANDA R. VAUGHN
                    Trial Attorney
                    Public Integrity Section
                    Criminal Division
                    U.S. Department of Justice
                    1400 New York Avenue NW
                    Suite 12100
                    Washington, DC 20005
                    Telephone: (202) 514-1412
                    Fax: (202) 514-3003
                    Email: amanda.vaughn@usdoj.gov
                    MD State Bar

## CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of March, 2019, served a copy of the foregoing United States' Memorandum in Aid of Sentencing upon the defendant by email to his attorney:

Laura Beaver
Counsel for Christopher Wilkinson
P.O. Box 1857
Raleigh, NC 27602
laura@thebeaverlawfirm.com

BY: /s/ Amanda R. Vaughn (for)
AMANDA R. VAUGHN
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue NW
Suite 12100
Washington, DC 20005
Telephone: (202) 514-1412
Fax: (202) 514-3003
Email: amanda.vaughn@usdoj.gov
MD State Bar